PRESENT: All the Justices

MONTGOMERY MUTUAL INSURANCE COMPANY

                                        OPINION BY
v.  Record No. 021271          JUSTICE DONALD W. LEMONS

                                      October 31, 2003
JEFFREY RIDDLE, ET AL.

             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                     Marcus D. Williams, Judge

     In this appeal, we consider whether Va. Code § 38.2-309

requires proof of actual reliance by an insurance company on

material misrepresentations made in an application for

insurance before a policy of insurance can be declared void.

                    I.  Facts and Proceedings

     Jeffrey S. Riddle ("Riddle") was a subcontractor with

Pennington Construction.  Pennington Construction required him

to obtain general liability insurance and workers'

compensation insurance.  Riddle contacted Chesapeake Bay

Insurance Agency, Inc. ("Chesapeake") to obtain insurance.

Chesapeake sought the assistance of Southern Maryland

Insurance, Inc. ("Southern Maryland") in obtaining a policy

for Riddle.

     Southern Maryland was owned and operated by Ken Wyvill.

Wyvill was a limited agent of Montgomery Mutual Insurance

Company ("Montgomery Mutual").  At trial, Wyvill testified

that he had authority to bind Montgomery Mutual to extend

insurance coverage to applicants although he was contradicted

by another employee of Montgomery Mutual.  When Wyvill received a request from Chesapeake to obtain an insurance policy for Riddle, he arranged for Riddle to apply to Rockwood Insurance ("Rockwood").  Riddle completed a Rockwood application which Wyvill reviewed and submitted to Rockwood.  After Rockwood rejected Riddle's application, Wyvill suggested to Chesapeake that Riddle submit an application to Montgomery Mutual.

Chesapeake responded by requesting that Wyvill proceed with obtaining a policy for Riddle from Montgomery Mutual.  Chesapeake asked that the policy with Montgomery Mutual be bound effective April 20, 2000.  Riddle completed Montgomery Mutual's application form and submitted payment for the insurance premium.  Wyvill sent the application to Montgomery Mutual with a notation that insurance coverage was "bound" effective "4/20/00."

When asked whether he reviewed the two applications with the intent to bind coverage, Wyvill testified that he neither acted nor intended to bind coverage for Riddle at any time and that he "was just reviewing them to make sure all the boxes were checked that were supposed to be checked and the information that was supposed to be in there was in there." According to Wyvill, he merely checked Riddle's applications for completeness and proper format.

2

On April 29, 2000, an employee of Riddle was electrocuted on the job. On May 2, 2000, Riddle submitted a claim to Montgomery Mutual through Wyvill. Montgomery Mutual received Riddle's application for insurance the following day. On May 4, 2000, the employee died and, six days later, Montgomery Mutual denied insurance coverage.

Montgomery Mutual filed an action for declaratory judgment to determine coverage. The trial court found that Wyvill, through his apparent authority as an agent of Montgomery Mutual, orally bound coverage to Riddle beginning April 20th and that Wyvill had not "relied on" alleged misrepresentations found in Riddle's application in making the decision to bind coverage. On appeal, Montgomery Mutual argues that the trial court erred in holding that it must prove that it or its agent relied on the alleged material misrepresentations made by Riddle in order to void the policy. Alternatively, it argues that, even if a showing of reliance is necessary, the trial court's finding that Wyvill did not rely on the veracity of Riddle's application was erroneous. Montgomery Mutual does not appeal the holding of the trial court that the policy was bound by the apparent authority of Wyvill.

## II. Analysis

Code § 38.2-309 provides:

3

All statements, declarations and descriptions
in any application for an insurance policy or
for the reinstatement of an insurance policy
shall be deemed representations and not
warranties.  No statement in an application or
in any affidavit made before or after loss
under the policy shall bar a recovery upon a
policy of insurance unless it is clearly proved
that such answer or statement was material to
the risk when assumed and was untrue.

We had occasion to interpret this statute in Commercial

Underwriters Insurance Co. v. Hunt & Calderone, P.C., 261 Va.

38, 42 540 S.E.2d 491, 493 (2001) (citations omitted), when we

held that:

We have construed Code § 38.2-309 and its
predecessors to require an insurance company
contesting a claim on the basis of an insured's
alleged misrepresentation to show, by clear
proof, two facts: (1) that the statement on the
application was untrue; and (2) that the
insurance company's reliance on the false
statement was material to the company's
decision to undertake the risk and issue the
policy.  To prove the falsity is not
sufficient; the company must prove clearly that
truthful answers would have reasonably
influenced the company's decision to issue the
policy.

Montgomery Mutual maintains that our statements about reliance

are dicta because they were unnecessary to the resolution of

the case and, further, that we were wrong in our

interpretation of the statute.  While Montgomery Mutual may be

right about whether reliance was an issue in Commercial

4

Underwriters, we reaffirm the correctness of our interpretation of the statute's requirements.

As a threshold matter, we recognize the intimate conceptual relationship between reliance and materiality. It is clear that the General Assembly only wanted matters "material to the risk" to be at issue in the voiding of a policy of insurance. "Material" is defined as "[o]f such a nature that knowledge of the item would affect a person's decision-making process." Black's Law Dictionary 991 (7th ed. 1999). Obviously, if there is no reliance upon a statement or omission, it could not have affected the decision-making process; consequently, it could not be material. Accordingly, we reiterate that when an insurance carrier seeks to void a policy for alleged material omissions or misrepresentations pursuant to Code § 38.2-309, the insurer must show, by clear proof, two facts: (1) that the statement or omission on the application was untrue; and (2) that the insurance company's reliance on the false statement or omission was material to the company's decision to undertake the risk and issue the policy. To prove the falsity is not sufficient; the insurer must prove clearly that truthful answers would have reasonably influenced the company's decision to issue the policy.

The trial court held that Wyvill had the apparent authority to bind the policy in question and Montgomery Mutual

5

is bound by that holding because no error was assigned to it. At trial, Wyvill testified on behalf of Montgomery Mutual that he did not intend to bind the policy and made it quite clear that he did not review the applications for substance. Instead, he reviewed the applications to assure that the applications were complete and in proper form.

Montgomery Mutual is now circumscribed by the posture of the case on appeal. It seeks to examine the substance of the answers to questions on the applications. But the trial court held that the policy was bound through the apparent authority of Wyvill, who reviewed the applications for their form and not their substance. Therefore, Montgomery Mutual has not proved the necessary reliance to prevail in its attempt to void the policy. Upon review of the record we cannot say that the trial court was plainly wrong or without evidence to support its judgment that Wyvill did not rely on the statements or omissions in the policy applications.

Accordingly, we will affirm the judgment of the trial court.

Affirmed.