COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


ALICE C. BARRS
                                                            OPINION BY
v.        Record No. 1939-04-1                     JUDGE ROBERT P. FRANK
                                                            MAY 3, 2005
CARL A. BARRS


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

E. Thomas Cox for appellant.

Kenneth B. Murov for appellee.


Alice C. Barrs, wife, appeals a decision of the trial court reducing her spousal support

from $8,000 per month to $6,000 per month.  On appeal, she contends the trial court erred (1) in

not granting her Motion for Summary Judgment; (2) in finding there has been a material change

in circumstances; and (3) in denying her request for attorney's fees.  For the reasons stated, we

reverse in part and affirm in part.

## BACKGROUND

The facts are essentially uncontroverted.

Husband and wife were divorced in 1995.  The final decree, entered August 25, 1995,

awarded wife $1,248,870 as the marital award, with $248,870 payable on or before December

31, 1995, and thereafter $100,000 per year for ten years with interest at 9%.  In addition to the

annual installments of $100,000, wife received the following interest payments:  1996, $90,000;

1997, $81,000; 1998, $63,000; 1999, $54,000; 2000, $45,000; 2001, $36,000; 2002, $72,000;

2003, $27,000. The total principal and interest paid under the marital award was $1,516,870. The final decree also awarded wife $8,000 per month as spousal support.

Wife has suffered from multiple sclerosis since 1974. The disease is marked by balance and coordination problems, fatigue, seizures, and progressive diminution of intellectual capacity. As the illness progresses, she will need "assisted living."

During the marriage, the parties enjoyed quite a high standard of living, extensive vacations, a large waterfront house, a boat, and other indicia of financial success. At the time of the divorce, husband earned $250,000 per year. Wife was unemployed.

In 2003, husband filed a "Notice and Motion to Terminate or Amend Spousal Support." Wife filed an answer alleging, *inter alia*, that she continued to need spousal support "as her financial requirements have changed dramatically." After extensive discovery, wife filed a motion for summary judgment. The trial court conducted a number of hearings on the various motions, and denied the motion for summary judgment on February 19, 2004, implicitly ruling there were genuine issues of fact in dispute.

Husband conceded at the April 1, 2004 hearing that he has the ability to pay the current award of spousal support.

Wife testified she had diminished her standard of living. She sold her large waterfront home in favor of a smaller apartment. She reduced her travel, partially because of her illness. Wife further testified the progressive and debilitating nature of her illness would ultimately require her to live in an assisted living facility. However, she had no immediate plans to do so. The trial court opined that wife is not "living beyond the standard of living established during the marriage."

At the hearing, husband argued the material change in circumstances was that wife now has $60,000 annual passive income and her net worth exceeds $1.6 million that she did not have

in 1995. Wife responded by asserting that when the original marital award was made in 1995, the trial court, at that time, knew the $1,248,870 award would generate passive income. Interest the first year was $90,000.

Wife also asked for attorney's fees, which the trial court denied. Wife proffered the fees would be $13,658.66.

For the purposes of appeal, wife concedes in her brief that her current monthly expenses are $9,752. Her passive income is $5,203 per month. Husband's expert witness, Michael Mares, CPA, testified wife would only need $6,000 spousal support per month to pay her current monthly expenses, without requiring her to invade the principal of her investments.

The trial court found a material change in circumstances and, following Mr. Mares' testimony, reduced spousal support to $6,000 per month, concluding:

> So I do find there is a material change in circumstances. I believe that one thing, we have Mrs. Barrs' passive income, unearned income I should say of $5,200 a month. That's a differen[ce] since the last support order. And I have considered the factors listed in 20-107.1, I'm obligated to consider those, which in Factor No. 1, the obligations, needs and financial resources of the parties, including but not limited to the income from pension, profit sharing or retirement plans, of whatever nature; No. 2, the standard of living established during the marriage, and No. 8, the provisions made with regard to the marital property under 20-107.3.

## ANALYSIS

### I. CHANGE IN CIRCUMSTANCES

Wife contends the trial court erred by finding there has been a material change in circumstances since the final decree of 1995. More narrowly, the issue is whether wife's receipt of $5,203 per month as passive income from the principal of the equitable distribution award is such a change in circumstances.

> "Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." See

- 3 -

Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989); Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992); see also Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (holding that spousal support must be redetermined if necessary in light of new circumstances). The material change in circumstances must have occurred after the most recent judicial review of the award, see Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993), and "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). "The 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Id. at 419, 369 S.E.2d at 452-53.

On appeal, the trial court's findings must be accorded great deference. See Bandas v. Bandas, 16 Va. App. 427, 432, 430 S.E.2d 706, 708 (1993). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr, 13 Va. App. at 481, 413 S.E.2d at 73 (quoting Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30).

Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 794-95 (1997).

Thus, the moving party has to prove: (1) a material change in circumstances; and (2) the change warrants a modification.[1] Our inquiry then is whether the trial court's finding that wife's receipt of the $5,203 passive income was a material change in circumstances is "plainly wrong and without evidence to support it."

Husband relies on the facts of Moreno to support his position that there is a material change in wife's circumstances. In Moreno, husband filed a motion to terminate spousal

---

[1] The second prong was not argued below nor ruled on by the trial court. This issue was not addressed on appeal. We will not consider this prong. See Rule 5A:20.

support, and argued, in part, that his retirement created a change in financial circumstances that adversely impacted his ability to meet his spousal support obligation. 24 Va. App. at 193, 480 S.E.2d at 794. The Court engaged in a lengthy discussion of the relationship between Code §§ 20-107.1 (equitable distribution) and 20-107.3 (spousal support), and determined that the trial court properly reduced the husband's spousal support obligation based upon a change in husband's financial circumstances. Id. at 205-06, 480 S.E.2d at 800. The facts in Moreno involved husband's income from a pension, his voluntary retirement to Thailand, and his prohibition from working in that country. Because Moreno did not address whether interest from a marital award was foreseeable, we find no guidance from Moreno in resolving the narrow issue presented by this appeal.

The uncontroverted evidence is that when the trial court entered the final decree, wife was awarded $1,248,870 as her share of the marital estate, to be paid in installments. The first payment of $248,870 was due and payable on or before December 31, 1995. The remainder was payable $100,000 per year for 10 years at an interest rate of 9% per year. Pursuant to Code § 20-107.3, the trial court then awarded $8,000 per month as spousal support.

The trial court, citing Rowe v. Rowe, 24 Va. App. 123, 480 S.E.2d 760 (1997), correctly stated that it "must consider the . . . income generating potential of the marital award as well as the marital award as well as any other income and expenses generated by the equitable distribution award." While we agree with the trial court's analysis, the facts show that the original equitable distribution award would clearly generate a steady and foreseeable stream of income for wife. Code § 20-107.1 requires a fact finder to consider the "provisions made with regard to the marital property under Code § 20-107.3." Thus, an award of spousal support must be made in light of the financial result of the equitable distribution award. Gamble v. Gamble, 14 Va. App. 558, 577, 421 S.E.2d 635, 646 (1992).

The trial court, by virtue of its own order, knew wife would receive $248,870 within four months of the award of spousal support. The trial court also knew that in addition to the $100,000 per year principal payments, wife would receive interest payments as follows:

1996: $90,000
1997: $81,000
1998: $63,000
1999: $54,000
2000: $45,000
2001: $36,000
2002: $72,000
2003: $27,000

We therefore conclude, at the time of the 1995 award of spousal support, passive income to the wife in the form of interest on the marital award was foreseeable.

> In Srinivasan v. Srinivasan[, 10 Va. App. 728, 396 S.E.2d 675
> (1990)], this Court held that, in setting support awards, a court
> "must look to current circumstances and what the circumstances
> will be 'within the immediate or reasonably foreseeable future,'
> not to what may happen in the future." [Id. at] 735, 396 S.E.2d [at]
> 679 (quoting Young v. Young, 3 Va. App. 80, 81-82, 348 S.E.2d
> 46, 47 (1986)). What is "reasonably foreseeable" depends on the
> circumstances of the particular case. Thus, when reviewing an
> appeal from a denial of an increase in support, this Court looks to
> objective evidence available at the time of the previous award of
> support in order to assess what increases in expenses might
> reasonably have been expected. In doing so, we avoid assessing
> such increases in light of evidence that these increases have, in
> fact, occurred. "'[S]pousal support awards must be determined in
> light of contemporary circumstances and . . . redetermined [if
> necessary] in light of new circumstances.'" Blank v. Blank, 10
> Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (quoting Jacobs v.
> Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

Furr, 13 Va. App. at 482, 413 S.E.2d at 74.

At the time of the modification hearing, wife's passive income was $5,203 per month, or $62,436 per year. Yet, her passive income, from interest alone, in 1996 was $90,000. It was only in 1999 that her passive income fell below the $62,436.[2]

---

[2] The record does not reflect the passive income from the principal payments.

The trial court's conclusion that the wife's receipt of the passive income from the marital award constituted a change in circumstances is plainly wrong.

## II. ATTORNEY'S FEES

The trial court denied wife's request for attorney's fees. Husband argues that wife's appeal of this issue is barred by Rule 5A:18 because wife failed to reference any attorney's fees in her endorsement of the final decree. We find that the issue was preserved.

By wife specifically requesting attorney's fees in both the May 25, 2004 and June 10, 2004 hearings, wife made her request known to the trial court. Code § 8.01-384(A) provides in pertinent part:

> No party, after having made an objection or motion known to the court, shall be required to make such objection or motion again in order to preserve his right to appeal, challenge, or move for reconsideration of, a ruling, order, or action of the court. No party shall be deemed to have agreed to, or acquiesced in, any written order of a trial court so as to forfeit his right to contest such order on appeal except by express written agreement in his endorsement of the order. Arguments made at trial via written pleading, memorandum, recital of objections in a final order, oral argument reduced to transcript, or agreed written statements of facts shall, unless expressly withdrawn or waived, be deemed preserved therein for assertion on appeal.

Having made the oral motion for attorney's fees in two separate hearings, the wife was not required to restate her position in the final court order in order to preserve this issue for our review. See Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) ("The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.").

Wife claims that the trial court abused its discretion in not awarding her attorney's fees. An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. Graves v. Graves, 4 Va. App. 326, 333,

- 7 -

357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

While the trial court did not articulate the reasons for denying attorney's fees, the record reflects that both parties had substantial resources to pay their respective attorney's fees. See Artis v. Artis, 4 Va. App. 132, 138, 354 S.E.2d 812, 815 (1987).

The trial court found that both sides presented the trial court with arguments supported by the law and evidence. See Jones v. Davis, 43 Va. App. 9, 595 S.E.2d 501 (2004). Under these circumstances, we cannot find the denial of attorney's fees was an abuse of discretion.

### III. DEFAULTED ISSUES

Wife, by hand, endorsed the final July 23, 2004 order as follows:

> Seen and objected to as stated to the Court on 11/14/03, 2/19/04, 4/1/04, 5/25/04, and 6/7/04.[3] The evidence failed to show any change of circumstances, which were proper for a change in spousal support. This was the sole issue before the court but we respectfully suggest that the court did not understand the sole issue.

The typed objection read as follows:

> HAVE SEEN AND OBJECT TO A FINDING THAT THERE IS A MATERIAL CHANGE OF CIRCUMSTANCES AND THAT A REDUCTION IN SUPPORT IS JUSTIFIED BASED ON THE RECORD AND APPLICABLE LAW.

We find these issues are defaulted.

At the conclusion of the June 10, 2004 hearing, the trial court gave wife's counsel an opportunity to preserve wife's "exceptions" for the record. Counsel denied the court's invitation, indicating, "I'm just going to say exceptions as noted at trial of the case and so I will rely on those without having to recite them all over again."

---

[3] There was no hearing on June 7, 2004 - the correct date is June 10, 2004.

However, wife did not comply with Rule 5A:20(C) which requires, in the opening brief, "a statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was preserved in the trial court." Wife only referred to objections stated in four particular hearings without making reference to "the page(s) of the transcript . . . record or appendix where each question was preserved in the trial court." "[W]e will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Wife's endorsement of the order objecting to the court's finding that a material change in circumstances has occurred preserved that issue. However, one of the subparts[4] of that issue is defaulted. Because wife did not comply with Rule 5A:20(C), we cannot determine if those issues were preserved pursuant to Rule 5A:18.[5]

CONCLUSION

We find that the trial court erred in concluding that the wife's receipt of passive income from the marital award constituted a change in circumstances. As to that portion of the trial court's

---

[4] The subpart contends the trial court erred in:

> Retroactively imposing a burden upon the appellant to expend all her monthly income from all sources or risk a reduction of spousal support without regard for the appellant's financial decisions as to lifestyle and long term financial planning.

[5] Rule 5A:18:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

order, we reverse and remand for the trial court to enter an order consistent with this opinion.  All

other aspects of the court's order remain in effect.[6]

Affirmed in part,
reversed in part.

---

[6] Wife also contends that the trial court erred in denying her motion for summary judgment.  Because we hold the trial court plainly erred in modifying wife's spousal support, we need not address wife's earlier summary judgment motion.

Benton, J., concurring.

I concur in Parts II and III of the Analysis portion of the majority opinion. For the reasons that follow, I do not join in Part I. Although I believe the evidence proved a change in circumstances, I believe the change was not material. Therefore, I would also reverse the trial judge's ruling.

## I.

"Upon the petition of either party the court may increase . . . spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109. "The party moving for a modification of support payments must prove 'both a material change in circumstances and that this change warrants a modification of support.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992). "Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence." Visikides v. Derr, 3 Va. App. 69, 70, 348 S.E.2d 40, 41 (1986).

As the majority indicates, the issue in this case is whether the evidence proved a material change in circumstances. In determining that a material change in circumstances had occurred, the trial judge looked at the objective circumstances as they existed at the time the initial spousal support was fixed. He found as follows:

> So I do find there is a material change in circumstances. I believe that one thing, we have [the wife's] passive income, unearned income I should say of $5,200 a month. That's a differen[ce] since the last support order. And I have considered the factors listed in [Code §] 20-107.1, I'm obligated to consider those, which in Factor No. 1, the obligations, needs and financial resources of the parties, including but not limited to the income from pension, profit sharing or retirement plans, of whatever nature; No. 2, the standard of living established during the marriage, and No. 8, the provisions made with regard to the marital property under [Code §] 20-107.3.

The trial judge correctly found that this earning on the wife's invested assets did not exist in 1995. Indeed, in 1995, when a trial judge made this spousal support award, he had no basis to know what the wife's unearned income on her invested assets would be in 2003. Had he attempted to factor into the spousal support award such a speculative assumption about earned income on her invested assets nine years into the future, he would have committed error. "Previously, . . . we have held that the court, in setting support awards, must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future." Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990).

> The courts of this Commonwealth are empowered to assess spousal support awards, not to penalize or reward either party to the marriage contract, but rather to do equity between the two and to protect society's interests in the incidents of the marital relationship. . . . The balance must be struck and awards made "upon the basis of the circumstances disclosed by the evidence at the time of the award." Thomas v. Thomas, 217 Va. 502, 505, 229 S.E.2d 887, 889-90 (1976). Code § 20-109 grants courts continuing jurisdiction to modify awards "where changed circumstances are demonstrated." Id.

> This statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that *spousal support awards must be determined in light of contemporary circumstances and then, if necessary, redetermined in light of new circumstances.*

Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 57-58 (1979) (emphasis added).

The wife argues that the parties and the trial judge should have foreseen that the corpus of her invested assets would eventually produce some unearned income. Even if that is the case, neither the parties nor the trial judge could have predicted in 1995 what those earnings would be in 2003 or in the future. Just because a party could have foreseen an eventual change in an asset, we cannot say the party or the judge should have predicted the "full cost" resulting from the change. See Furr, 13 Va. App. at 483, 413 S.E.2d at 75. It is precisely for this reason that Code

§ 20-109 authorizes the trial judge to "increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper."

The income generated by a party's assets is a financial resource that a trial judge properly considers in assessing a change in circumstances and in determining spousal support. See Moreno v. Moreno, 24 Va. App. 190, 198, 480 S.E.2d 792, 796 (1997). The trial judge's finding in this case that the wife's "passive income, unearned income . . . of $5,200 a month . . . [is] different since the last support order" is supported by the evidence and is not plainly wrong. Nothing in this record suggests that the trial judge fixed the spousal support award in 1995 based upon a speculative assumption that in 2003 the wife's invested assets would total $1,605,706.87 or that those assets would generate $60,000 in passive, unearned income in 2003.

## II.

I believe, however, that this change in circumstances was not shown to be material. Not every change in circumstances is material. Head v. Head, 24 Va. App. 166, 174-75, 480 S.E.2d 780, 784-85 (1997). "'Material' is defined as '[o]f such a nature that knowledge of the item would affect a person's decision-making process.'" Montgomery Mutual Insurance v. Riddle, 266 Va. 539, 543, 587 S.E.2d 513, 515 (2003) (quoting Black's Law Dictionary 991 (7th ed. 1999)).

The wife contends the trial judge erred by "fail[ing] . . . to acknowledge . . . that the 1995 trial court clearly understood that the [wife] would be receiving ongoing significant unearned monthly income on her $1,248,870 equitable distribution award, in addition to her $8,000 monthly spousal support." The record establishes, however, that when the judge made the spousal support award in 1995, the wife did not receive the monetary award in a lump sum. Instead, the trial judge ordered the husband to satisfy the monetary award by paying the wife

- 13 -

$243,163.25 in 1995 and the balance in yearly installments of $100,000 at nine percent interest. No evidence in this record establishes that in 1995 the wife had invested assets or that either party proved any facts concerning the wife's unearned income on her invested assets.

The wife also argues that the trial judge "clearly anticipated" the wife would receive unearned income in 1995, and she points to an exhibit that details the installment payments the husband was required to make so as to satisfy the monetary award and the nine percent interest the husband was to pay on the deferred installment payments. I agree that in 1995 the trial judge was aware that she would receive these interest payments for the next ten years. Those interest payments, which compensated the wife for the deferred receipt of the balance of the monetary award, reflect various ingredients. "The basic function of interest is to protect the time value of the sum awarded from the eroding impact of inflation on its relative purchasing power, and offset the loss of value to a party who does not take the property awarded at the time of the award." Votzmeyer v. Votzmeyer, 964 S.W.2d 315, 321 (Tex. App. 1998). See also Reese v. Reese, 696 N.E.2d 460, 463 (Ind. App. 1998) (holding that "[i]nterest represents the time value of money. Interest is compensation to a property owner for the loss of use of his property."). In addition, interest on owed money also has a component that represents the price the debtor party pays for the use of money. Owens v. Bank of Glade Spring, 195 Va. 1138, 1148, 81 S.E.2d 565, 572 (1954). See also Overbeek v. Heimbecker, 101 F.3d 1225, 1228 (7th Cir. 1996) (holding that "[t]he purpose of post judgment interest is . . . to encourage prompt payment and compensate [one party] for another's party's use of its money").

In other words, those interest payments compensated the wife for the eroding impact of inflation upon her deferred receipt of the funds, for the loss of investment earnings over the period the installments were paid, and for the husband's use of her funds. The quantum the trial judge attributed to each of these factors is unknown. Because, however, some component of

- 14 -

these interest payments, which were spread over a ten-year period, represents compensation for lost "earnings" to the wife, the record does not establish that the $60,000 in earnings the wife received from her invested income in 2003 was a material factor in the change in circumstances. As the exhibit shows, in 1996 the wife received $90,000 in interest, some component of which represented reimbursement for earnings loss due to the deferred receipt of the monetary award. In 2003 she received $27,000 in interest payments, which again represents, in part, reimbursement for lost earnings. However, in 2003 she also received $60,000 in earnings from her invested assets.

Simply put, while the $60,000 in earnings in 2003 from her invested assets was a change in circumstances, the record fails to show that this change in the source of her earnings is a material change.[7] For these reasons, I agree with the trial judge that the evidence proved a change in circumstances; however, I do not agree that the change was shown to be material. I, therefore, concur in reversing the order.

---

[7] The wife agrees that currently her "monthly expenses were $9,752," that her "monthly unearned income was $5,203," and that she only "would need $6,000 of spousal support income to sustain the $9,752 of monthly expenses after consideration of the $5,203 of unearned income and the tax consequences."