BENTON, Judge,
concurring.
I concur in Parts II and III of the Analysis portion of the majority opinion. For the reasons that follow, I do not join in Part I. Although I believe the evidence proved a change in circumstances, I believe the change was not material. Therefore, I would also reverse the trial judge’s ruling.
I.
“Upon the petition of either party the court may increase ... spousal support and maintenance ... as the circumstances may make proper.” Code § 20-109. “The party moving for a modification of support payments must prove ‘both a material change in circumstances and that this change warrants a modification of support.’ ” Furr v. Furr, 13 Va.App. 479, 481, 413 S.E.2d 72, 73 (1992). “Whether a change of circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence.” Visikides v. Derr, 3 Va.App. 69, 70, 348 S.E.2d 40, 41 (1986).
As the majority indicates, the issue in this case is whether the evidence proved a material change in circumstances. In determining that a material change in circumstances had occurred, the trial judge looked at the objective circumstances as they existed at the time the initial spousal support was fixed. He found as follows:
So I do find there is a material change in circumstances. I believe that one thing, we have [the wife’s] passive income, *514 unearned income I should say of $5,200 a month. That’s a difference] since the last support order. And I have considered the factors listed in [Code § ] 20-107.1, I’m obligated to consider those, which in Factor No. 1, the obligations, needs and financial resources of the parties, including but not limited to the income from pension, profit sharing or retirement plans, of whatever nature; No. 2, the standard of living established during the marriage, and No. 8, the provisions made with regard to the marital property under [Code § ] 20-107.3.
The trial judge correctly found that this earning on the wife’s invested assets did not exist in 1995. Indeed, in 1995, when a trial judge made this spousal support award, he had no basis to know what the wife’s unearned income on her invested assets would be in 2003. Had he attempted to factor into the spousal support award such a speculative assumption about earned income on her invested assets nine years into the future, he would have committed error. “Previously, ... we have held that the court, in setting support awards, must look to current circumstances and what the circumstances will be ‘within the immediate or reasonably foreseeable future,’ not to what may happen in the future.” Srinivasan v. Srinivasan, 10 Va.App. 728, 735, 396 S.E.2d 675, 679 (1990).
The courts of this Commonwealth are empowered to assess spousal support awards, not to penalize or reward either party to the marriage contract, but rather to do equity between the two and to protect society’s interests in the incidents of the marital relationship____ The balance must be struck and awards made “upon the basis of the circumstances disclosed by the evidence at the time of the award.” Thomas v. Thomas, 217 Va. 502, 505, 229 S.E.2d 887, 889-90 (1976). Code § 20-109 grants courts continuing jurisdiction to modify awards “where changed circumstances are demonstrated.” Id.
This statutory scheme recognizes that comparative needs and capacities change as circumstances change, that changes are not fairly predictable, and that spousal support awards must be determined in light of contemporary cir *515 cumstances and then, if necessary, redetermined in light of new circumstances.
Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 57-58 (1979) (emphasis added).
The wife argues that the parties and the trial judge should have foreseen that the corpus of her invested assets would eventually produce some unearned income. Even if that is the case, neither the parties nor the trial judge could have predicted in 1995 what those earnings would be in 2003 or in the future. Just because a party could have foreseen an eventual change in an asset, we cannot say the party or the judge should have predicted the “full cost” resulting from the change. See Furr, 13 Va.App. at 483, 413 S.E.2d at 75. It is precisely for this reason that Code § 20-109 authorizes the trial judge to “increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper.”
The income generated by a party’s assets is a financial resource that a trial judge properly considers in assessing a change in circumstances and in determining spousal support. See Moreno v. Moreno, 24 Va.App. 190, 198, 480 S.E.2d 792, 796 (1997). The trial judge’s finding in this case that the wife’s “passive income, unearned income ... of $5,200 a month ... [is] different since the last support order” is supported by the evidence and is not plainly wrong. Nothing in this record suggests that the trial judge fixed the spousal support award in 1995 based upon a speculative assumption that in 2003 the wife’s invested assets would total $1,605,706.87 or that those assets would generate $60,000 in passive, unearned income in 2003.
II.
I believe, however, that this change in circumstances was not shown to be material. Not every change in circumstances is material. Head v. Head, 24 Va.App. 166, 174-75, 480 S.E.2d 780, 784-85 (1997). “‘Material’ is defined as ‘[o]f such a *516 nature that knowledge of the item would affect a person’s decision-making process.’ ” Montgomery Mutual Insurance v. Riddle, 266 Va. 539, 543, 587 S.E.2d 513, 515 (2003) (quoting Black’s Law Dictionary 991 (7th ed.1999)).
The wife contends the trial judge erred by “failing] ... to acknowledge ... that the 1995 trial court clearly understood that the [wife] would be receiving ongoing significant unearned monthly income on her $1,248,870 equitable distribution award, in addition to her $8,000 monthly spousal support.” The record establishes, however, that when the judge made the spousal support award in 1995, the wife did not receive the monetary award in a lump sum. Instead, the trial judge ordered the husband to satisfy the monetary award by paying the wife $243,163.25 in 1995 and the balance in yearly installments of $100,000 at nine percent interest. No evidence in this record establishes that in 1995 the wife had invested assets or that either party proved any facts concerning the wife’s unearned income on her invested assets.
The wife also argues that the trial judge “clearly anticipated” the wife would receive unearned income in 1995, and she points to an exhibit that details the installment payments the husband was required to make so as to satisfy the monetary award and the nine percent interest the husband was to pay on the deferred installment payments. I agree that in 1995 the trial judge was aware that she would receive these interest payments for the next ten years. Those interest payments, which compensated the wife for the deferred receipt of the balance of the monetary award, reflect various ingredients. “The basic function of interest is to protect the time value of the sum awarded from the eroding impact of inflation on its relative purchasing power, and offset the loss of value to a party who does not take the property awarded at the time of the award.” Votzmeyer v. Votzmeyer, 964 S.W.2d 315, 321 (Tex.App.1998). See also Reese v. Reese, 696 N.E.2d 460, 463 (Ind.App.1998) (holding that “[ijnterest represents the time value of money. Interest is compensation to a property owner for the loss of use of his property.”). In addition, interest on owed money also has a component that represents the price *517 the debtor party pays for the use of money. Owens v. Bank of Glade Spring, 195 Va. 1138, 1148, 81 S.E.2d 565, 572 (1954). See also Overbeek v. Heimbecker, 101 F.3d 1225, 1228 (7th Cir.1996) (holding that “[t]he purpose of post judgment interest is ... to encourage prompt payment and compensate [one party] for another’s party’s use of its money”).
In other words, those interest payments compensated the wife for the eroding impact of inflation upon her deferred receipt of the funds, for the loss of investment earnings over the period the installments were paid, and for the husband’s use of her funds. The quantum the trial judge attributed to each of these factors is unknown. Because, however, some component of these interest payments, which were spread over a ten-year period, represents compensation for lost “earnings” to the wife, the record does not establish that the $60,000 in earnings the wife received from her invested income in 2003 was a material factor in the change in circumstances. As the exhibit shows, in 1996 the wife received $90,000 in interest, some component of which represented reimbursement for earnings loss due to the deferred receipt of the monetary award. In 2003 she received $27,000 in interest payments, which again represents, in part, reimbursement for lost earnings. However, in 2003 she also received $60,000 in earnings from her invested assets.
Simply put, while the $60,000 in earnings in 2003 from her invested assets was a change in circumstances, the record fails to show that this change in the source of her earnings is a material change.[7] For these reasons, I agree with the trial judge that the evidence proved a change in circumstances; however, I do not agree that the change was shown to be material. I, therefore, concur in reversing the order.

. The wife agrees that currently her "monthly expenses were $9,752,” that her "monthly unearned income was $5,203,” and that she only "would need $6,000 of spousal support income to sustain the $9,752 of monthly expenses after consideration of the $5,203 of unearned income and the tax consequences.”