338

# CIRCUIT COURT OF FAIRFAX COUNTY

Nationwide Mutual
Insurance Co.

v.

Gwendolyn Fondufe et al.

May 9, 2007

Case No. CH-2004-191468

BY JUDGE DENNIS J. SMITH

Complainant Nationwide Mutual Insurance Company filed this action for declaratory judgment seeking the Court to declare the insurance policy issued to Defendant Gwendolyn Fondufe void *ab initio*. Trial commenced on February 13, 2007, and this Court made its final ruling on March 27, 2007. At the time of the ruling, it was brought to the Court's attention that a piece of evidence, specifically Plaintiff's Exhibit 9, was misconstrued. The Court has reviewed the evidence in light of its misperception as to when Exhibit 9 was known to Nationwide, and, after reviewing the evidence and the law, the Court reaches the same conclusion.

Virginia Code § 38.2-309 provides as follows:

All statements, declarations, and descriptions in any application for an insurance policy or for the reinstatement of an insurance policy shall be deemed representations and not warranties. No statement in an application or in any affidavit made before or after loss under the policy shall bar a recovery upon a policy of insurance unless it is clearly proved that such answer or statement was material to the risk when assumed and was untrue.

Materiality exists when the statement would "reasonably influence the company's decision whether or not to issue a policy." *Mutual of Omaha Ins. Co. v. Echols*, 207 Va. 949, 953-54, 154 S.E.2d 169, 172 (1967). This test for determining materiality was examined by the Virginia Supreme Court in *Montgomery Mut. Ins. Co. v. Riddle*, 266 Va. 539, 542, 587 S.E.2d 513, 514-15 (2003), where Justice Lemons cited *Commercial Underwriters Ins. Co. v. Hunt & Calderone, P.C.*, 261 Va. 38, 42, 540 S.E.2d 491, 493 (2001), as to the Court's long standing construction of the applicable statute and its predecessors:

> We have construed Code § 38.2-309 and its predecessors to require an insurance company contesting a claim on the basis of an insured's alleged misrepresentation to show, by clear proof, two facts:
>
> > (1) that the statement on the application was untrue; and
> > (2) that the insurance company's reliance on the false
>
> statement was material to the company's decision to undertake the risk and issue the policy.

Justice Lemons went on to refine the test when he wrote on behalf of the Court that the false statements must be ones which would have reasonably influenced the insurance company in its decision to issue the policy *and* the company must *actually* have been influenced by the false statements. This established a subjective test coupled with an objective test. Stated another way, a false statement is material only if a reasonable insurance company would have refused coverage based upon all of the information known and the company involved actually relied upon the false information provided.

In *Montgomery Mutual*, there was no actual reliance upon the false statements. The testimony established that the insurance company did not review the substance of the application before issuing the policy, so even though it might have been objectively reasonable to refuse issuance of the policy had all of the information provided on the application been truthful, the insurance company did not subjectively rely upon that information. *Montgomery Mut.*, 266 Va. at 543. In this case, Mr. Ward Chapman testified that he is an underwriter for Nationwide, that they did not know that Ms. Fondufe and Mr. Njovens were married, and that they thought that Ms. Fondufe was single and lived alone. He further testified that, had Nationwide known the truthful information, they would not have ultimately issued the policy. The Court found his testimony credible.

Finally, this Court construes § 38.2-309 of the Virginia Code to place no burden on the insurance company to conduct any investigation. It is true that all of the "facts" known to the insurance company, including the "facts" established by false statements made by the applicant, must be considered in determining whether the subjective materiality, e.g. "we would not have issued the policy had we known these facts were not true," was objectively reasonable. The Code, however, does not require the insurance company to make any further inquiry into the "facts" presented when making its decision. To put it another way, it is not what the insurance company knew or should have known, only what it knew based upon the information provided to it in the application.

Having established by clear proof that statements on the application were untrue, that the insurance company's reliance on the false statements was material to the company's decision to undertake the risk and issue the policy, and that Nationwide actually relied upon the false statements in deciding to issue the policy, Nationwide is not liable under the issued policy. This is true even if Nationwide's agent knew that the information contained in the application was false. *Gilley v. Union Life Ins. Co.*, 194 Va. 966, 76 S.E.2d 165 (1953). Accordingly, Defendant's Motion for Reconsideration is denied.