**Salem**

ANNA T. FURR

v.

JOSEPH E. FURR

No. 1480-90-3

Decided January 7, 1992

COUNSEL

John K. Taggart, III (Robert J. Ingram, Jr.; Tremblay & Smith, on brief), for appellant.

Warren A. Picciolo (Roger B. Willetts; Edmunds, Willetts, Young, Garber & Hicks, on brief), for appellee.

OPINION

**ELDER, J.**—Anna T. Furr appeals from a decision of the Circuit Court of Augusta County denying her petition for an increase in spousal support and an award of attorney's fees. Appellant asserts that the trial court erred: (1) when it ruled that she had failed to prove a material change in circumstances entitling her to an increase in periodic spousal support payments; and (2) when it refused to award her costs and attorney's fees arising from her petition. We reverse the decision of the trial court and remand for a determination consistent with this opinion.

This matter came before the trial court on appellant's motion for an increase in the spousal support payments awarded by a

1985 decree. The matter comes before us on an agreed statement of facts.

Under the 1985 decree, appellant was awarded an increase in monthly spousal support payments from $665 to $2,000. Testifying that she has experienced a material change in circumstances, resulting in a dramatic rise in living expenses, appellant sought a monthly increase of $2,806. Still living in the marital home she occupied before the parties separated, appellant testified to a marked reduction in her standard of living and indicated that the increase she sought would enable her to maintain, not increase, her standard of living. She attributed her declining standard of living to inflationary pressures, major repairs necessary to maintain her home and property in a habitable condition, the need for a new car, a decline in interest income due to her expenditure of a substantial portion of her savings, a mortgage that did not exist in 1985, and an increase in personal tax liability due to the $1335 increase in monthly spousal support payments awarded by the 1985 decree.

Appellant assisted her husband, Joseph E. Furr, in his business prior to her divorce and, since her divorce, has remained unemployed.

Prior to the taking of any testimony, the parties stipulated to appellee's ability to pay any amount the court would award, and agreed that the sole issue was appellant's need.

▆ Code § 20-109 provides that "[u]pon the petition of either party the court may increase . . . spousal support and maintenance . . . as the circumstances may make proper." The party moving for a modification of support payments must prove "both a material change in circumstances and that this change warrants a modification of support." *Schoenwetter v. Schoenwetter*, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

▆ Appellant first asserts that the trial court erred in ruling that she failed to prove a material change in circumstances entitling her to an increase in periodic spousal support payments. We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is "plainly wrong or without evidence in the record to support it." *Id.* at 605, 383 S.E.2d at 30. While some evidence in the record supports the trial court's final deter-

mination that appellant was not entitled to an increase in spousal support, we find that the court was plainly wrong in holding that, in 1985, appellant should have foreseen the full array of increased expenses she has incurred since her last increase in support.

Five years prior to appellant's most recent request for an increase, she received a $1335 increase, from $665 to $2000 per month. The trial court concluded that the present request for an increase to $4,806 per month was founded, almost entirely, on expenses she should have foreseen at the time of the 1985 request for an increase. For example, itemized new expenses included payments for major house repairs, increased car payments, and increased tax liability. The court referred to other increases asserted by appellant as "discretionary" in nature.

In *Srinivasan v. Srinivasan*, this Court held that, in setting support awards, a court "must look to current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future,' not to what may happen in the future." 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990)(quoting *Young v. Young*, 3 Va. App. 80, 81-82, 348 S.E.2d 46, 47 (1986)). What is "reasonably foreseeable" depends on the circumstances of the particular case. Thus, when reviewing an appeal from a denial of an increase in support, this Court looks to objective evidence available at the time of the previous award of support in order to assess what increases in expenses might reasonably have been expected. In doing so, we avoid assessing such increases in light of evidence that these increases have, in fact, occurred. " '[S]pousal support awards must be determined in light of contemporary circumstances and . . . redetermined [if necessary] in light of new circumstances.' " *Blank v. Blank*, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990)(quoting *Jacobs v. Jacobs*, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979)).

In its letter opinion of July 26, 1990, the trial court reasoned that, at the time of the 1985 award of an increase in support, appellant should have reasonably foreseen the increases in expenses she has subsequently sustained.

Mrs. Furr had to repair and maintain her house and pay taxes when the support was initially set and when it was revised in 1985. She knew that she would need to replace her automobile periodically. Indeed, she claimed expenses for re-

pairs of her house and car and made provision for income taxes in the evidence presented then.

She cannot claim these items were neither contemplated by her nor considered then in order to return now and assert that there has been a material change of circumstance.

While the reasoning of the trial court is accurate as far as it goes, it only answers the question whether appellant knew she would at some point face such expenses. It does not address whether she foresaw the true extent of the liability she has actually incurred. Evidence in the record plainly indicates that appellant's 1985 assessment of her future living expenses fell dramatically short of meeting her ensuing liability, such that this Court cannot agree that she should have foreseen her current financial obligations.

In 1985, appellant's expenses for general maintenance of her home and property, including such expenses as pool maintenance, trash removal, and lawn mowing, amounted to $93.82 per month. Appellant now faces a series of major repairs to her home and property amounting to over $20,000. At no point does the record of her 1985 expenses suggest that she foresaw the necessity of these major repairs. Instead, the evidence plainly suggests that, in 1985, she determined that her home maintenance expenses would be minimal. In light of major unanticipated financial obligations, redetermination of spousal support is warranted.

With respect to the increased expense appellant has incurred for her automobile, her 1985 assessment of this obligation plainly reflects the fact that she did not foresee the full extent of her current liability. Her monthly expenses for her car have more than doubled since 1985. This Court cannot say that, simply because appellant could have foreseen an eventual need to replace her car, she also should have predicted the full cost of such a replacement. Moreover, during her marriage appellant was accustomed to purchasing a new car every year. Since 1985, she has driven the same car. It is well established that spouses "entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage," subject to the other spouse's ability to pay. *Dukelow v. Dukelow*, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986). In this case, appellee has stipulated his ability to pay any amount of spousal support awarded by the court. Appellant's entitlement to be maintained in the manner to

which she was accustomed during her marriage should not be undermined simply because she did not foresee the full cost of replacing her car.

It is not contested that, as a consequence of significantly increased expenses, appellant's standard of living has declined. In denying appellant an increase in support payments, the trial court applied a strict standard of foreseeability, essentially holding that, if the expenses could have been foreseen, they should have been foreseen. However, the standard of reasonable foreseeability does not exist in a vacuum. As a result of the trial court's denial, appellant would inevitably suffer a serious decline in her standard of living. In light of appellee's stipulation of his ability to pay any amount awarded by the court, appellant is unarguably entitled to be maintained in the manner to which she had become accustomed during her marriage. This right should not be undermined simply because her 1985 financial projections did not embrace the full scope of her current liability.

In its letter opinion, the trial court attributed other increases in appellant's expenses to her "liberal spending." The only two examples of this liberality cited by the trial court were a telephone bill of $149.55 per month and monthly expenses for clothes, household items, and gifts of $802.98. Considering that the 1985 figures for these same expenses were $109.14 and $736.65 respectively, the finding that appellant has spent her money "liberally" is unjustified. Nonetheless, whether justified or not, the observation is irrelevant. The record is devoid of any allegations that the wife has been living in a style above and beyond that to which she was accustomed during her marriage. Because both parties stipulated the husband's ability to pay any amount awarded by the court, the wife's lifestyle, at least as it is captured in the above two examples, is not at issue.

▪ Appellant has further asserted that the trial court erred in refusing to award appellant her costs and attorney fees arising from her petition. "An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). Because appellant's argument that she is entitled to attorney's fees is premised on her argument that the trial court erred when it found no material change in circumstances, and because the trial court did in fact

err, this question is remanded to the trial court for determination in light of this decision.

*Reversed and remanded.*

Barrow, J., and Bray, J., concurred.