# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Sorum

v.

Sarver

February 11, 2000

Case No. (Chancery) 8323

BY JUDGE EDWARD L. HOGSHIRE

This case was reinstated on the docket in August, 1999, by the respondent, Ms. Sarver, who filed a motion for an order to show cause as to why the complainant, Mr. Sorum, should not be held in contempt for his failure to pay spousal support as ordered in the decree of this Court entered on August 1, 1996. It is uncontested that Complainant has failed to pay the mandated support since June, 1999. Respondent has also filed a motion *in limine* and plea of *res judicata* asking the Court to exclude any evidence of financial hardship or of family expenses and circumstances prior to the last decision of the Court, entered March 23, 1998, based on an evidentiary hearing conducted December 29, 1997, following which a motion to reduce support was denied.

Complainant filed a response to respondent's show cause motion in the form of a motion to reduce or eliminate the obligation to pay spousal support alleging a material change in circumstances since the entry of the last decree. Complainant has been paying reduced spousal support, *pendente lite*, by virtue of a consent decree entered October 6, 1999, without prejudice to the rights of the parties relating to the merits of the respective motions awaiting decision.

Evidentiary hearings were conducted on September 28 and October 27, 1999, with final arguments presented on November 30, 1999. The case is now pending a decision by the Court. There appears to be no dispute that the complainant has not paid the sums due as ordered. The primary issues are

·whether the failure to pay should be sanctioned with contempt by the Court and whether complainant's motion to reduce or eliminate spousal support has been supported by the evidence.

Mr. Sorum's evidence established that he is a 63-year-old salesman, whose earnings have been substantially diminished between 1998 and the first three quarters of 1999. He attributes his loss in earnings to industry-wide changes whereby the roofing manufacturers whom he formerly represented ceased utilizing commissioned salesmen and began employing in-house sales personnel for the marketing of their materials. The evidence showed that the decreases in income were accompanied by some increases in his monthly expenses. Mr. Sorum's Exhibit No. 5 shows that for the calendar year 1997, his company, Sorum Marketing, a sole proprietorship, had a net income of $58,021.00. (Mr. Sorum also receives approximately $6,400.00 per year from a retirement fund.) But in 1998, according to discovery responses admitted into evidence, Mr. Sorum earned $86,110.00 from Sorum Marketing, although he projected his earnings from his business for 1999 to be only $54,118.00 due to a loss of clients.

He also adduced evidence to show that there was a drastic increase in his anticipated state and federal tax liability. Under the terms of the prior decree, he is obligated to pay the joint taxes for the years 1990 through 1994. Mr. Sorum attributes the gross underpayments of the taxes in years past to acts and omissions of Ms. Sarver, in whose hands were left the preparation of the parties' personal taxes. Mr. Sorum adduced expert testimony of Madeline Horton, an Enrolled Agent with the IRS, regarding his tax liability and the alleged errors and omissions attributable to his ex-wife in the preparation of their joint tax returns for the years in question. It is not disputed that although Mr. Sorum is an experienced businessman, he allowed his now ex-wife to control the family finances and to compute the taxes without any input or meaningful involvement on his part. He later agreed to compute and pay the taxes for the years 1993 and 1994 *without first determining what amounts were actually due.*

Ms. Horton testified that an IRS audit had been conducted since the order of the Court of March 23, 1998. This IRS audit determined that as of September 22, 1999, Mr. Sorum owed $180,305.06, of which only $84,226.00 was allotted to taxes due, with the balance attributable to penalties and interest accrued since 1990. There also remained a balance due in state taxes of $27,056.00. According to Ms. Horton, Ms. Sarver, who had been handling the family's taxes, failed to reflect $106,000.00 in taxable income on the 1990 return, omitted approximately $79,000.00 on the 1991 return, and $82,906.00 from the 1992 return. There were no filings at all made by the parties for 1993

and 1994 until after the court order of August 1, 1996. Although Ms. Horton maintained that there would be no abatement of the amount of actual taxes due ($84,226.00), there could be some abatement allowed by the IRS for the penalties and interest. No final determination of the total obligation had been made by the time of the last court hearing on October 27, 1999.

A court may modify a decree concerning spousal support "if the party seeking the modification proves that a 'material change of circumstance has occurred since the last award or hearing to modify support' and that the change 'justifies an alteration in the amount of support'." *Head v. Head*, 24 Va. App. 166, 173-74, 480 S.E.2d 780, 784 (1997) (quoting *Hiner v. Hadeed*, 15 Va. App. 575, 579, 425 S.E.2d 811, 814 (1993) (citations omitted)). In a petition for modification of spousal support, the burden is on the moving party to prove a material change in circumstances that warrants modification of support. *Street v. Street*, 24 Va. App. 2, 9, 480 S.E.2d 112, 116 (1997) (citing *Furr v. Furr*, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992)). Any material change "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." *Street*, 24 Va. App. at 9, 480 S.E.2d at 116, (*quoting Hollowell v. Hollowell*, 6 Va. App. 417, 419, 359 S.E.2d 451, 452 (1988)).

Based on the evidence briefly summarized above, I find the fluctuations in the complainant's business income insufficient of themselves to constitute a material change in circumstances warranting a reduction in spousal support. Respondent's motion *in limine* is granted to the extent that the court will not consider evidence concerning changes in Complainant's income, business, or expenses in the period prior to the hearing on December 29, 1997. His earnings as projected in 1999 are not materially different from the earnings in 1997 when the matter was last adjudicated. What is significant is the extremely large sums that may be due the IRS, but this amount is yet to be determined. Respondent's plea of *res judicata* is denied as concerns the issue of taxes. Complainant is not contesting the agreement in the divorce decree that he pay back taxes, rather he is arguing that his current responsibilities include a larger tax burden than that anticipated at the hearing on December 29, 1997, and represent a material change in circumstance in the period after December 29, 1997. This is a wholly different question of fact than those raised in previous proceedings and, as such, is not properly barred as *res judicata*.

Support awards must be based upon "current circumstances and what the circumstances will be 'within the immediate or reasonably foreseeable future'." *Barton v. Barton*, 31 Va. App. 175, 178, 522 S.E.2d 373, 375 (1999) (quoting *Srinivasan v. Srinivasan*, 10 Va. App. 728, 735, 396 S.E.2d 675, 679

(1990) (citation omitted)). Support awards should not be made based on what *may* happen in the future. *Furr*, 13 Va. App. at 482, 413 S.E.2d at 74 (emphasis added; citing *Srinivasan*, 10 Va. App. at 735, 396 S.E.2d at 679 (citations omitted)). Support awards should be modified in the future as changes occur. *Solomond v. Ball*, 22 Va. App. 385, 392, 470 S.E.2d 157, 160 (1996). "A trial court may not abrogate its responsibility to determine that a material change of circumstance justifies a modification of ... support by entering an order that results in an automatic increase in the support obligation upon the occurrence of future events," *Solomond*, 22 Va. App. at 392-93, 470 S.E.2d at 160, as the General Assembly does not contemplate automatic changes. *Id.*

While it is likely that Mr. Sorum will owe large sums of money to the IRS, this court cannot determine at present what those amounts will be and on what schedule these payments will take place. As such, it would be premature to modify the spousal support award until such time as the tax liability, plus the schedule of payments, can be exactly determined.

Accordingly, I find that Mr. Sorum should be held in contempt for his failure to pay as ordered the full amount of spousal support due through the present, but I will continue the case for further consideration of the final settlement with the IRS and the Commonwealth for back taxes, interest, and penalties. Mr. Sorum currently has sufficient resources to bring the arrearages current and to pay the full amount of spousal support pending any final determination of amounts due for taxes. I will also allow Mr. McCloud a fee of $1,400.00 for the prosecution of the contempt position and will ask him to draft the appropriate order for endorsement by Mr. Main pending the final resolution of this case. I am asking that the case be set for review at the February 22, 2000, term day in anticipation that the IRS issues will have been resolved by that time.