COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bumgardner


DANIEL BRIAN DRYSDALE

                                    MEMORANDUM OPINION[*]
v.    Record No. 2438-99-3              PER CURIAM
                                       APRIL 4, 2000
DEBORAH WHITT DRYSDALE


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                       Duane E. Mink, Judge

            (Charles B. Phillips; Phillips & Swanson, on
            brief), for appellant.

            (Deborah Whitt Drysdale, pro se, on brief).


     Daniel Brian Drysdale (husband) appeals the decision of the

circuit court granting his motion to modify spousal support paid

to Deborah Whitt Drysdale (wife).  Husband contends that the trial

court erred by (1) failing to impute sufficient income to wife;

(2) disregarding wife's responsibility for her failure to work at

her maximum capability; and (3) failing to consider income wife

should be receiving from the equitable distribution monetary

award.  Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

     As the party seeking a modification of spousal support

pursuant to Code § 20-109, husband bore the burden "to prove both

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "We will not disturb the trial court's decision where it is based on an ore tenus hearing, unless it is 'plainly wrong or without evidence to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

The parties were divorced by decree entered July 13, 1998. Under the terms of the decree, husband was ordered to pay $1,750 in monthly spousal support to wife and approximately $3,900 in monthly mortgage payments until the marital residence was sold. After the sale of the marital home, husband's monthly spousal support obligation automatically increased to $2,490. The home was sold prior to July 1999. Wife also received a cash monetary award of just under $85,000 in equitable distribution as a portion of her share of the parties' marital assets. The trial court also ordered husband to pay $25,000 in wife's attorney's fees. Husband received custody of the parties' three children. The trial court retained the case on its docket pending a hearing on husband's request for child support and for a reduction of spousal support.

In December 1998, husband filed a petition seeking to terminate or reduce spousal support and for child support. The parties presented evidence in a hearing on July 28, 1999. Based upon the evidence, the trial court refused to reduce the amount of spousal support paid to wife, finding that wife needed "additional

-

time in order to take some additional refresher courses in order to reacquaint herself with some of the more current business procedures."  However, the trial court granted husband's motion to impute income to wife, finding that she was capable of earning $15,750 annually.  The trial court found that wife was obligated to pay child support to husband, and offset wife's child support obligation by the amount of spousal support due her.  Husband objected to the trial court's order, arguing that wife was capable of earning more income than found by the trial court.

## Imputation of Income

Husband argued successfully before the trial court that it was appropriate to impute some income to wife.  "A trial court has discretion to impute income to either or both the custodial or noncustodial parent who is voluntarily unemployed."  Bennett v. Commonwealth ex rel. Bennett, 22 Va. App. 684, 691, 472 S.E.2d 668, 672 (1996); see Code § 20-108.1(B)(3).  Evidence presented at the hearing indicated that wife had worked prior to the parties' separation in 1992.  Husband's vocational expert testified that wife was qualified by her past work experience in one of three progressively higher strata.  The lowest level of receptionist had a salary range of $15,750 to $16,200.  While the expert witness testified that he reviewed the medical examination reports on wife, he admitted that he did not address any psychological problems which wife might have.  Other evidence presented at the hearing indicated that wife had weekly counseling for alcohol

-

abuse and depression, received monthly injections for back muscle spasms, and regularly took prescription medicine for depression.

The trial court found that the evidence supported an imputation of $15,750 in annual income to wife, which was "the lowest of all levels of income presented to this Court by the [husband's] vocational rehabilitation expert citing the [wife's] qualifications and the employment opportunities available" in the area. Because the amount of income imputed was supported by evidence in the record, and was not an abuse of discretion, we affirm the trial court's decision to impute $15,750 in income to wife.

### Voluntary Unemployment

Husband also asserts that the trial court erred by failing to place proper weight on the voluntary nature of wife's unemployment. He argues that no evidence supported wife's claims of physical or psychological inability to work. He points to the testimony of the physical therapist who indicated that wife failed to put forth the minimum effort necessary to have valid testing. He also contends that no evidence supported the trial court's finding that wife needed additional time to refresh her business skills.

Wife testified that she not only continued to have a problem with alcohol abuse, for which she received weekly counseling, but also that she suffered from depression and chronic pain. The trial court that heard the evidence ore tenus had the opportunity

-

to weigh and evaluate the credibility of the witnesses, including wife. While we agree with husband that there was no evidence presented concerning wife's need to improve her job skills, other evidence supports the trial court's finding that wife was not currently prepared for employment. We find no error or abuse of discretion in the trial court's determination on this issue.

## Income from Monetary Award

Husband's final contention is that the trial court erred by failing to consider interest income earned by wife from her equitable distribution monetary award. While husband raised this objection to the trial court's order, we find no indication that he presented sufficient evidence in the hearing to support the inclusion of any additional income. Husband does not refer to evidence in the record supporting the calculations set out in his brief on appeal. In the absence of any evidence, an assessment of interest income would be mere speculation. Therefore, we find no error in the trial court's failure to include interest income in wife's monthly earnings.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.