COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


KRISHAN RANA
                                    MEMORANDUM OPINION* BY
v.    Record No. 1808-99-2          JUDGE JAMES W. BENTON, JR.
                                         APRIL 11, 2000
SHAKUNTLA RANA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      William R. Shelton, Judge

            Lawrence D. Diehl for appellant.

            Mary Burkey Owens (Ishnelia I. Gubb; Cowen &
            Owen, on brief), for appellee.


     Krishan Rana appeals the trial judge's denial of his motion

to modify spousal support paid to Shakuntla Rana, his former wife.

The husband contends the trial judge erred by failing to find (1)

that a material change in circumstances resulted from his

increased debt and the wife's lessened need for support, (2) that

the wife's employment following the divorce and subsequent

unemployment was a material change of circumstances, (3) that the

wife was voluntarily unemployed, and (4) that the evidence

contained sufficient proof to impute income to the wife.  Both

parties seek attorney's fees and costs for this appeal.  For the

reasons that follow, we affirm the trial judge's decision.
─────────────
     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I.

As the party seeking to modify spousal support, the husband bore the burden "to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989); see also Code § 20-109. "[T]he 'circumstances' which make 'proper' an increase, reduction or cessation of spousal support under Code § 20-109 are financial and economic ones." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452-53 (1988). "We will not disturb the trial judge's decision where it is based on an ore tenus hearing, unless it is 'plainly wrong or without evidence to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (citation omitted).

## II.

The husband contends that several changes occurring after the entry of the divorce decree were material changes in circumstances. The husband testified that his current expenses greatly exceeded his expenses at the time of the divorce and that he had a monthly deficit of $2,745. The husband also testified that he had almost no debt at the time of the divorce and now had $50,000 in debt. The husband presented evidence that wife's current expenses were $2,326 and that her expenses at the time of the divorce were $3,663.

Although the husband testified that his spousal support payments increased his debt, he admitted on cross-examination that

-

his debts included attorney's fees and other costs.  The husband also admitted that his claimed expenses included costs attributable to his recently purchased new home and his current spouse, who is not employed outside their home.  Although he claimed as an expense a monthly payment of $400 to a retirement account, he admitted that the payment was voluntary.  The husband owns four pieces of rental property and testified at the hearing that they produced no income.  An April 1999 loan application, however, showed that he claimed $2,500 in monthly income from those properties.  The husband also admitted that he overstated several of the loan amounts he was obligated to repay.  The evidence further proved that although the husband's income increased from approximately $58,000 to $68,000, he had listed his income as $62,458.

The wife admitted that her monthly expenses had decreased since the time of the divorce decree.  She received the marital residence under the terms of the decree.  She testified, however, that because the husband was continually late in paying spousal support, she incurred late payments and additional interest on the mortgage throughout 1997 and 1998.  Concerned that the lender would foreclose on the property, the wife sold her home.  That evidence was uncontested.  After the sale, the wife's housing expenses decreased from $1,708 for a mortgage and $465 for utilities to $510 for rent and $200 for utilities.

Husband contends that in addition to changes in their income and expenses, the evidence proved the wife was voluntarily unemployed. The evidence established that the wife was not employed at the time of the divorce but began working at a retail store shortly after the decree was entered. She testified that she worked because she had no money for food when the husband's payments were late. She continued to work at the store for approximately two and one-half years and earned $5.75 an hour. Although the wife admitted that she could understand simple English, she testified that language difficulties required her to call her manager to resolve problems with customers. At the time of the hearing, however, the wife was not working and had not worked since she relocated to Blacksburg in December 1998 following the sale of her home.

The wife's evidence also established that because husband refused to allow her to drive during the marriage, she cannot drive and must rely upon public transportation or her sons. After she sold her house, she moved to Blacksburg to be near one of her sons. Although the husband's expert testified that wife was immediately employable at $6.00 an hour in entry level positions, he admitted that he had not considered wife's level of English comprehension, the proximity of jobs to public transportation, or that she could not apply for jobs until she replaced her green card.

-

III.

The trial judge found that husband failed to prove "a material change in circumstances which would warrant a reduction in spousal support."  Although we agree with the husband that the evidence proved changes in the parties' economic circumstances, see Hollowell, 6 Va. App. at 419, 369 S.E.2d at 452, we cannot say that the trial judge erred in finding that the changes did not warrant a modification in support.

"[W]hen a material change of circumstances has occurred, the trial court must determine whether the changed circumstances warrant or justify a change in the amount of support."  Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999).  Not every material change of circumstances warrants a modification of support.  See id.

> The moving party in a petition for modification of support is required . . . to prove both a material change in circumstances and that such change justifies an alteration in the amount of support.  A material change in circumstances, standing alone, does not provide a basis for the trial court to modify its support decree.  A modification is appropriate only after the court has considered the material change in circumstances in relation to . . . the present circumstances of both parties . . . .  Thus, in a petition for reduction of support, the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the overall circumstances of both parties . . . .

-

<u>Yohay v. Ryan</u>, 4 Va. App. 559, 566, 359 S.E.2d 320, 324 (1987);

<u>see</u> <u>also</u> <u>Furr</u>, 13 Va. App. at 481, 413 S.E.2d at 73.

The evidence proved that the husband's income had increased; however, it raised doubt about the extent of the husband's actual debts.  Indeed, the evidence concerning his claim of increased expenses was highly problematic.  Furthermore, the evidence proved that as a result of the husband's tardy payment of spousal support, the wife's circumstances drastically changed.  She testified that she had to work in order to buy food and that she had to sell her home to avoid foreclosure.  The trial judge could have found that the wife's move to Blacksburg was a consequence of this disruption and of her need to be in a place where she could rely upon her son for her transportation needs.

Furthermore, the evidence would support a finding that the wife's initial employment was caused by the need to have income when the husband's payments were tardy and that her subsequent unemployment was not voluntary.  "Whether a person is voluntarily unemployed or underemployed is a factual determination." <u>Blackburn</u>, 30 Va. App. at 102, 515 S.E.2d at 784.

Based upon the evidence in the record, we find no error in the trial judge's finding that the husband failed to prove "a material change in circumstances which would warrant a reduction in spousal support."  In view of the failure of the evidence to

-

prove the wife was voluntarily unemployed, we need not address the issue of imputation of income.

IV.

Both the husband and the wife request attorney's fees and costs incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). We deny both requests.

Accordingly, we affirm the trial judge's decision.

Affirmed.

-