COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Felton and Senior Judge Willis


ERIC CLARK FRAVEL

                                                MEMORANDUM OPINION[*]
v.         Record No. 1688-05-4                        PER CURIAM
                                                  JANUARY 24, 2006
JENNIFER LYNN FRAVEL


                FROM THE CIRCUIT COURT OF WARREN COUNTY
                          John E. Wetsel, Jr., Judge

              (Bradley G. Pollack, on brief), for appellant.  Appellant submitting
              on brief.

              (Kelly C. Ashby; Peter W. Buchbauer; James J. McGuire;
              Buchbauer & McGuire, P.C., on brief), for appellee.  Appellee
              submitting on brief.


        Eric Clark Fravel (father) appeals from the circuit court's June 8, 2005 order awarding

Jennifer Lynn Fravel (mother) custody of the parties' minor child.  On appeal, father contends

(1) mother's "failure to file a statement of facts . . . until well after the deadline set forth

in . . . Rule 5A:8(c)(1) cause[s] only [his] statement of facts . . . to be properly before this Court on

appeal," and (2) that the trial court's custody award to mother was "plainly wrong or without

evidence to support it."  Mother requests attorney's fees and costs associated with this appeal.  For

the reasons stated below, we affirm the trial court's custody order.

                                    BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

So viewed, the evidence proved the parties married on March 22, 2003 and separated on June 2, 2003. The parties have one child together, a girl born November 2, 2000 (daughter). The parties were divorced by final decree dated October 13, 2004, and mother was awarded temporary custody of daughter. On May 25, 2005, the trial court heard evidence regarding daughter's custody and support.

Both parties are in good physical and mental health. Although father has suffered from substance abuse problems, he has avoided drugs for the past year and continues to attend drug counseling meetings. Father has been convicted of breaking and entering and grand larceny. He violated the terms of his probation for those offenses by possessing heroin, and was temporarily jailed. Mother has been convicted of the misdemeanor offense of obtaining money by false pretenses. Both parents currently are gainfully employed. The evidence established that although both parents have a good relationship with daughter, daughter acts out and becomes emotionally agitated when the parties are together in her presence.

Since the parties' separation, mother has provided daughter with physical support and structured activities. Father was not extensively involved in daughter's upbringing due to his drug addiction. The court noted that father's mother has been more involved in daughter's upbringing than has father and that father has not regularly exercised his mid-week visitation with daughter. The record indicates that both parents have been able to maintain a close relationship with daughter but have been unable to cooperate with each other or resolve disputes concerning the child.

## ANALYSIS

### I.

Mother's statement of facts acted as her objection to father's statement of facts and was timely filed. See Rule 5A:8(d). We accept the statement of facts as approved by the trial court.

II.

"In issues of child custody, 'the court's paramount concern is always the best interests of the child.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)); see Code § 20-124.3. "Code § 20-124.3 specifies the factors a court 'shall consider' in determining the 'best interests of a child for . . . custody or visitation.'" Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). Among its provisions, Code § 20-124.3 includes "[t]he age and physical and mental condition of each parent;" "[t]he relationship existing between each parent and each child, giving due consideration to the positive involvement with the child's life, the ability to accurately assess and meet the emotional, intellectual and physical needs of the child;" "[t]he propensity of each parent to actively support the child's contact and relationship with the other parent, including whether a parent has unreasonably denied the other parent access to or visitation with the child;" and "[s]uch other factors as the court deems necessary and proper to the determination." "Although the trial court must examine all factors set out in Code § 20-124.3, 'it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."'" Brown, 30 Va. App. at 538, 518 S.E.2d at 338 (quoting Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986))). Rather, "'trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Farley, 9 Va. App. at 328, 387 S.E.2d at 795); see Yopp v. Hodges, 43 Va. App. 427, 439, 598 S.E.2d 760, 766 (2004) ("We afford great deference to the trial court's determination of what is in the best interests of the child.").

The exercise of a trial court's broad discretion in the determination of a child's best interests will be "'reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it.'" Vissicchio, 27 Va. App. at 246, 498 S.E.2d at 428 (quoting Farley, 9 Va. App. at 328, 387 S.E.2d at 795 (citation omitted)). Similarly, "'[w]e will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is "plainly wrong or without evidence in the record to support it."'" Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997) (quoting Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989))). "Moreover, the credibility of witnesses and the weight to be accorded their testimony is a matter exclusively within the province of the trier of fact." Yopp, 43 Va. App. at 439, 598 S.E.2d at 766. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown, 30 Va. App. at 538, 518 S.E.2d at 338. Under these principles of appellate review, it is immaterial that the same set of facts, if viewed in a light most favorable to the appellant, might also support the relief sought by the appellant. Id. at 539, 518 S.E.2d at 339.

Applying these principles, we find that the evidence supported the trial court's award of primary physical custody to mother and that the decision was not plainly wrong. The trial court emphasized mother has been daughter's primary caretaker since her birth, that it is easier for father to undertake the trip necessary for visitation, and that if father were provided primary physical custody, his mother, rather than father himself, would be daughter's primary caretaker.

The court's conclusion was clearly within the proper ambit of its discretion; neither plainly wrong nor unsupported by the evidence.

III.

Mother requests an award of attorney's fees and costs incurred on appeal.

Upon a review of this appeal, we find that father's case presented questions that were not supported by law or evidence.  See Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).  Additionally, the statement of facts included in father's brief contains numerous representations that specifically were struck by the trial judge from father's proffered statement of facts.  Therefore, we award attorney's fees to wife and remand this case to the trial court for determination of attorney's fees and costs incurred in responding to this appeal, and for any costs incurred at the hearing on remand.

For these reasons, we affirm the judgment of the trial court and remand for the award of attorneys' fees and costs.

Affirmed and remanded.