COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Haley and Petty
Argued at Salem, Virginia


ANNA T. FURR

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2624-06-3              JUDGE ROBERT J. HUMPHREYS
                                                        MAY 15, 2007
JOSEPH E. FURR


               FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                          Malfourd W. Trumbo, Judge

          John K. Taggart, III (Patricia D. McGraw; Tremblay & Smith, LLP,
          on briefs), for appellant.

          Frankie C. Coyner for appellee.


        Anna T. Furr ("wife") appeals an order reducing, and then terminating, spousal support

from Joseph E. Furr ("husband").  Wife argues that the trial court erred in finding a material

change in circumstances to warrant the reduction, and ultimate termination, of support.  For the

following reasons, we agree, and reverse the trial court.

                                   BACKGROUND

        Husband and wife were divorced in 1985, and have appeared before this Court on two

prior occasions regarding spousal support.[1]  In October 2005, the parties appeared before the trial

court on husband's motion to terminate spousal support based upon a medical condition.  The

matter was set for hearing in July 2006.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] See Furr v. Furr, 13 Va. App. 479, 418 S.E.2d 72 (1992); Furr v. Furr, 1994 Va. App.
LEXIS 539 (1994).

On July 14, 2006, prior to the hearing on the motion, the parties conferred in chambers, and stipulated to the evidence. Based on the evidence stipulated by the parties, the trial judge granted husband's motion. The trial court ordered husband to pay wife $1,600 per month for October 2005 through September 2006, $800 per month for October 2006 through September 2007, and $17,600 in indebted arrearage to be paid "promptly." The trial court further ordered that after September 30, 2007, husband's obligation to pay support "shall be forever terminated." Wife now appeals.

ANALYSIS

"Upon petition of either party, a court may . . . [modify] . . . spousal support . . . as the circumstances may make proper." Code § 20-109. In order to modify a prior support order, the moving party is "required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). The material change in circumstances must have occurred after the most recent judicial review of the award, see Hiner v. Hadeed, 15 Va. App. 575, 577, 425 S.E.2d 811, 812 (1993), and "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay," Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988). Moreover, not only must the moving party show a material change of circumstances, the trial court is required to consider each of the factors enumerated in Code § 20-107.1(E) in determining whether to modify a spousal support award. See Code § 20-109(B). "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court," Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986), and we will not disturb the trial court's decision "unless it is plainly wrong or without evidence in the record to support it." Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1999) (internal quotations omitted).

In this case, the trial court implicitly found a material change in circumstances, as evidenced by the reduction and ultimate termination of spousal support. However, the record does not reflect that the trial court considered the factors set forth in Code § 20-107.1, nor does the record reflect that husband proved a financial or economic material change in circumstances, which in turn, affected his ability to pay spousal support.

The record only reflects that immediately prior to the July 14 hearing, the parties consulted with the court in chambers, and stipulated to evidence which included the following facts: (1) at the time of the hearing, husband's monthly payments were $2,500 per month, (2) in October 2005, husband's physician informed husband that he should not engage in any gainful employment because of a heart condition, and (3) husband indicated that he was "living off of his social security and the income from several trucks he owned which we used to haul cattle." The trial court's order merely states that, "the Court rendered its decision based on the Stipulation." The record does not contain a transcript from which we can determine that the trial court took into consideration the appropriate factors in Code § 20-107.1, nor does the final order indicate that it did so.

Moreover, the only evidence before the trial court indicating that there may have been a material change in circumstances was that husband had been *advised* to cease work and that husband was "living off of his social security and the income from several trucks he owned which we used to haul cattle." Husband did not provide the court with any evidence indicating what his income actually was at the time of the hearing. And, without evidence in the record proving that husband's income prior to the medical diagnosis was a certain sum and that after the diagnosis that income dropped considerably, we fail to see how husband *proved* a material change in circumstances. The diagnosis and subsequent medical advice are not sufficient,

standing alone, to prove that husband's income actually changed so as to warrant a decrease in spousal support.

Lastly, on brief, husband asserts that, "he should be able to work and take the risk of a fatal heart attack without any warning if he chooses to do so but not because he is forced to do so as a result of the previous spousal support order." In other words, husband concedes that he continues to work despite his doctor's medical advice, and thus earns some type of income. This solidifies our holding that husband's medical diagnosis alone is insufficient to prove a material change in circumstances. Accordingly, we hold that the trial court's modification of spousal support was without evidence to support it, and thus, plainly wrong.

## CONCLUSION

Because the trial court failed to take into consideration the factors set forth in Code § 20-107.1, and because the record fails to show that husband proved a material change in circumstances, we reverse the trial court's decision to modify, and ultimately terminate, wife's spousal support.

<u>Reversed.</u>