COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


CHARLES RUDOLPH JOHNSON, JR.

                                                        MEMORANDUM OPINION[*]
v.       Record No. 1887-09-2                               PER CURIAM
                                                           MARCH 23, 2010
CAROLYN INGRAM JOHNSON


                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                              Herbert C. Gill, Jr., Judge

            (C. James Williams, III; Burnett & Williams, on brief), for appellant.

            (Carolyn Ingram Johnson, *pro se*, on brief).


        Charles R. Johnson, Jr. (husband) appeals a spousal support order.  Husband argues that the

trial court erred by refusing to terminate his spousal support obligation since he retired and Carolyn

I. Johnson (wife) is now receiving a portion of his retirement as income.[1]  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Husband breaks down the question presented in his brief to the following sub-parts:
whether the trial court erred by (1) failing to consider wife's receipt of retirement income when it
applied a "strict" test of wife's needs versus husband's ability to pay; (2) violating the
twenty-one-day rule and Code § 20-107.3(K)(4) by failing to modify spousal support since
husband's income is now retirement income from a pension previously divided in equitable
distribution; (3) refusing to reduce spousal support which effectively forces husband to forego
retirement at a normal retirement age; and (4) finding that wife had a need for continued spousal
support.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

On April 21, 1994, the trial court entered a final decree of divorce. The court awarded wife spousal support in the amount of $600 per month. On June 8, 2004, this Court affirmed the decision of the trial court to deny husband's motion to abate spousal support because husband did not establish by clear and convincing evidence that wife was cohabiting with a man in a relationship analogous to marriage. See Johnson v. Johnson, No. 1736-03-2 (Va. Ct. App. June 8, 2004).

On January 1, 2009, husband, at age sixty, retired from his position as a railroad employee and, as a result, reduced his monthly income by fifty-five percent. On February 19, 2009, wife began receiving her share of husband's retirement. On June 25, 2009, husband filed a motion to terminate or reduce spousal support, stating that there had been a material change of circumstances warranting a termination or reduction of spousal support, namely that wife had been cohabiting with a man in a relationship analogous to marriage since June 2003 and that husband had retired. The trial court held a hearing on July 22, 2009. The trial court found that there was a material change of circumstances, but based on wife's need for support and husband's ability to pay, the trial court denied husband's motion. Husband timely noted his appeal.

ANALYSIS

Spousal Support

Husband argues that there was insufficient evidence to support the finding that wife had a need for continued spousal support.

"We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"Upon [the] petition of either party the court may increase, decrease or terminate . . . spousal support and maintenance . . . as the circumstances may make proper." Code § 20-109. "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30 (citation omitted). Not every material change of circumstance justifies a modification of spousal support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999). The material change in circumstances "must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988).

Here, the trial court found that there was a material change of circumstances, but denied husband's motion to reduce or terminate spousal support based on wife's need for support and husband's ability to pay. Although wife continued to live with Kenneth Adams, wife stated that their relationship had not changed since the last evidentiary hearing. Wife testified that she had "large medical bills" and that her car needed "expensive repairs." She was not employed at the time of the hearing, but had received workers' compensation benefits. She "struggled" to pay her rent and daily necessities. Meanwhile, husband had been employed with the railroad and been able to acquire a house, car, and furniture. He recently retired but still was able to meet his expenses, including his spousal support obligation. There was sufficient evidence to prove that wife continued to have a need for spousal support, and the trial court did not err in denying husband's motion.

<u>Rule 5A:18</u>

Husband argues that the trial court (1) failed to consider wife's receipt of husband's retirement as a portion of her income, (2) violated the twenty-one-day rule and Code § 20-107.3(K)(4) by failing to modify spousal support since husband's income was retirement income that was previously divided in equitable distribution, and (3) erred by failing to reduce spousal support, which forces husband to forego retirement at a normal retirement age.

A statement of facts, which summarized the procedural history and the witnesses' testimony, was prepared and accepted by the court. The statement of facts does not discuss any motions or arguments of counsel, nor does it include any objections of counsel to the judge's findings or rulings.

An appellant has the responsibility to provide a complete record to the appellate court. <u>Twardy v. Twardy</u>, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992). In a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. <u>Lee v. Lee</u>, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). Husband provided none of these motions or arguments in the record. Husband noted several objections to the final order, but none dealt with these three issues.

"No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." <u>Lee</u>, 12 Va. App. at 514, 404 S.E.2d at 737.

Since husband did not preserve these three issues for appeal, we will not consider them.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

<u>Affirmed.</u>