COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, O'Brien and Senior Judge Frank
Argued by teleconference


WADE M. BUTTS
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0296-20-4                      JUDGE WILLIAM G. PETTY
                                                    JULY 14, 2020
CHRISTINE A. BUTTS


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Stephen E. Sincavage, Judge

Dusty Sparrow Reed (Sparrow Reed PLLC, on briefs), for appellant.

Jon D. Huddleston (Jeanine M. Irving; Sevila, Saunders, Huddleston
& White, PC, on brief), for appellee.


Wade M. Butts (husband) argues on appeal that the trial court erred in declining to terminate

his $800 monthly spousal support obligation to Christine A. Butts (wife).  Husband contends that

the trial court erred when it granted wife's motion to strike the evidence of husband's temporary

unemployment as a material change in circumstances.  Husband also argues that the trial court

abused its discretion by failing "to give proper consideration" to the parties' assets, specifically to

wife's inheritance that she received after the initial support order was entered.  For the reasons

explained below, we affirm the trial court's decision.

I.  BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We view the evidence in the light most favorable to the prevailing party, granting to the prevailing party the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258 (2003).

The parties were divorced by final order entered on August 2, 2016. Pursuant to the final decree, which incorporated the parties' marital settlement agreement, husband was obligated to pay wife $800 a month in permanent spousal support. On May 28, 2019, husband filed a motion to modify spousal support. A hearing on that motion was held on October 11, 2019, in the Circuit Court of Loudoun County. Husband alleged two grounds for a material change in circumstances: first, husband's inability to pay due to a period of temporary unemployment, and second, wife's receipt of "a significant inheritance providing her income earning assets." The parties both testified and submitted evidence at the hearing.

At the time of divorce, husband's gross monthly income was $8,447 ($101,361 annually). Husband testified that he was suspended without pay from that position in November and December 2017, bringing his total income in 2017 down to $74,532. He was terminated from that position in May 2018. In August 2018, he obtained a seven-week contracting position. His total income in 2018 was $56,443. Husband obtained another job in August 2019, where he earns a salary of $110,000. Husband currently has about $80,000 in debt. He made all spousal support payments through May 2019. Wife granted husband reprieves for the payments due in June, July, August, September, and October 2019.[1]

At the time of divorce, wife's gross monthly income was approximately $3,800. At the hearing, she testified that her current monthly salary was $3,033. Wife's father died in March 2019 and left her with an inheritance. She testified at the hearing that all the assets constituting

_____

[1] At the time of the hearing, husband had not made his spousal support payment for October 2019.

her inheritance had been distributed. Included in her gross monthly income before the divorce was an annual $14,000 advancement on her inheritance. Because she received the corpus of the inheritance after her father's death, she no longer receives the yearly advancement.

Before receiving her inheritance, wife opened a Morgan Stanley investment account with her marital assets. That account had a value of $167,000. In 2018, it yielded $4,342 in income. Wife deposited her inheritance assets into the investment account, and as of September 2019, the account was valued at $768,203. At trial, husband introduced a statement of that investment account, which listed $13,846 as the estimated annual income. Other than the account statement that husband introduced, there was no evidence or expert testimony about the future estimated income of the investment account. Wife has no debt.

Wife made a motion to strike at the close of husband's evidence. Wife argued that neither husband's diminution in income nor her inheritance constituted a material change in circumstances. The trial court granted the motion to strike as to husband's diminution in income but denied it on the other ground: wife's receipt of her inheritance.

In closing, husband argued that "there is evidence" to support an estimate for future income that might derive from wife's investment account. Husband asked the court to "impute income on this asset based on common knowledge of what markets do," since wife's account "is an income earning asset."

Having already found that wife's receipt of her inheritance was a material change in circumstances, the court next determined whether modification or termination based on that change was warranted. The court considered husband's ability to pay and wife's needs, noting that "from an income standpoint, pure income standpoint, [husband is] now better off." The court weighed the facts that while wife had received an inheritance, she had lost the yearly $14,000 advancement on that inheritance. Next, the court noted that husband produced no

evidence to explain how the income estimate on the account statement was derived and that there was no evidence to support a finding about any future income estimates. The court concluded that it was unable to determine what income would derive from wife's investment account: "In short, the Court can't make any conclusions about income derived from this lump sum."

The court next evaluated whether the investment account, or the "asset itself," could substitute for the amounts she would no longer receive in her advancement and, if the motion were granted, in her permanent spousal support. But the court refused to speculate on wife's life expectancy to determine whether the corpus of her inheritance would substitute for both the loss of her advancement and the termination or reduction of her spousal support.

The court then denied husband's motion to reduce the support, listing the factors that it relied on in denying the motion. Consistent with wife's acquiescence, the court held that husband was not responsible to make up the payments he missed from June 2019 through October 2019 and that husband was required to continue making payments beginning in November 2019. The final order reflecting these terms was entered on December 6, 2019.

## II. ANALYSIS

Husband assigns error to two of the trial court's rulings: the partial grant of the motion to strike and the final order denying husband's motion to modify. He argues that the trial court erred in partially granting wife's motion to strike, as to whether husband's diminution in income constituted a material change in circumstances. He also argues that the trial court erred in denying his motion to modify, claiming that the court failed to properly consider wife's inheritance when determining whether the circumstances warranted a change in the award.

"Decisions concerning [spousal] support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784 (1994). "A trial court is vested with 'broad discretion

in deciding whether a material change in circumstances warrants a modification in the amount of support.'" Driscoll v. Hunter, 59 Va. App. 22, 35 (2011) (quoting Reece v. Reece, 22 Va. App. 368, 373 (1996)). "[O]nly when reasonable jurists could not differ can we say an abuse of discretion has occurred." Wright v. Wright, 61 Va. App. 432, 463-64 (2013) (alteration in original) (quoting Robbins v. Robbins, 48 Va. App. 466, 482 (2006)).

A. The Trial Court's Refusal to Consider Husband's Unemployment as a Change in Circumstances Became Moot when the Court Found a Change in Circumstances Based on Other Evidence[2]

Code § 20-109 creates the framework for the modification of spousal support. It provides that a court may modify or terminate spousal support if the party seeking modification or termination can prove (1) that a material change in circumstances has occurred, and (2) based on the material change, that modification or termination is warranted. See Code § 20-109; Driscoll, 59 Va. App. at 33.

A litigant's success in proving a material change in circumstances is the key that unlocks the trial court's ability to revisit a spousal support award that was entered more than twenty-one days ago, an ability that is normally barred by Rule 1:1. As our Supreme Court stated, "[w]e have repeatedly held that a court may not modify an award of spousal support in a divorce decree in the absence of a statute or a clear and explicit reservation of jurisdiction to modify the spousal support provision." Dixon v. Pugh, 244 Va. 539, 541 (1992).

Once this jurisdiction is reacquired, the trial court may consider not only the factors delineated in Code § 20-109(F) but also the factors considered when initially setting the award amount, found in Code § 20-107.1(E). In short, the trial court will look at all the circumstances once it reacquires jurisdiction to consider the award.

---

[2] Here we address husband's third and fourth assignments of error, in which he challenges the trial court's partial grant of wife's motion to strike.

- 5 -

Here, husband alleged two grounds for a material change in circumstances. Although the trial court granted wife's motion to strike on one of these grounds, husband's loss of income, it denied the motion and eventually found a material change in circumstances on the other ground, wife's inheritance. Therefore, the issue of the partial grant of the motion to strike is moot at this stage because the trial court *did* consider all of the evidence in evaluating husband's motion to modify.

### B. The Trial Court Did Not Abuse Its Discretion by Declining to Terminate Spousal Support[3]

As explained above, Code § 20-109 requires a spouse seeking a reduction or termination in spousal support to first demonstrate that there has been a material change in circumstances. Then, "the party seeking modification must [also] show, in addition to a material change in circumstances, that the change 'warrants a modification of support.'" Driscoll, 59 Va. App. at 33 (quoting Moreno v. Moreno, 24 Va. App. 190, 195 (1997)). The trial court may consider the factors set out in Code § 20-109(F) and Code § 20-107.1(E), in order to determine whether modification or termination is warranted. Code § 20-109(G). In addition, the General Assembly modified Code § 20-109(G) in 2018 to provide that the trial court "shall further consider the assets or property interest of each of the parties from the date of the support order and up to the time of the hearing on modification or termination, and any income generated from the asset or property interest."

The general rule is that "[a] modification of support is warranted when it bears upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay." Driscoll, 59 Va. App. at 33. "[I]n setting support awards, a court 'must look to current circumstances and

---

[3] Husband's first and second assignments of error address the trial court's decision to deny husband's motion to modify spousal support. We address them together here.

what the circumstances will be "within the immediate or reasonably foreseeable future," not to what may happen in the future.'" Furr v. Furr, 13 Va. App. 479, 482 (1992) (quoting Srinivasan v. Srinivasan, 10 Va. App. 728, 735 (1990)). "What is 'reasonably foreseeable' depends on the circumstances of the particular case." Id.

Husband argues that the trial court should have imputed some percentage of income to wife's assets—in particular, her investment account. But the trial court had no evidence before it—no explanation of the formula on the account statement, no evidence concerning future market conditions—on which to base such a finding. The trial court therefore correctly observed that it could not "make any conclusions about income derived from this lump sum." To reduce the spousal support award on these grounds would have been to engage in speculation and impermissibly look "to what *may* happen in the future." See Furr, 13 Va. App. at 482.

Husband also argues that the trial court failed to properly consider the corpus of wife's investment account when it denied husband's motion to modify. We disagree. The record reflects that the trial court did, in fact, consider the inheritance assets in wife's investment account in making its determination that modification was not warranted. After finding that it could not impute a precise percentage of income to wife's investment account, the court proceeded to consider whether the value of the asset alone—not the income—could substitute for the amount wife lost in her inheritance advancement and that she might potentially lose in her permanent spousal support. But this calculation, too, required speculation. The court was rightly unwilling to guess whether the lump sum could take the place of these two streams of income for the duration of wife's life.

Furthermore, husband argues that the General Assembly's amendment of Code § 20-109(G) reverses the Supreme Court's previous holding that "[w]here the wife is possessed of a sizeable estate in her own right, the law does not require her to invade that estate to relieve

- 7 -

the obligation of her former husband . . . ." Klotz v. Klotz, 203 Va. 677, 680 (1962). However, because the trial court did consider both the corpus and income of the inheritance in ruling on the motion to modify, we need not consider the impact of the amendment on the general rule.

While the trial courts are now required to consider the payee spouse's assets in determining the appropriate amount of support, see Code § 20-109(G), this requirement does not alone transform the entire landscape of spousal support awards. As this Court has found, with respect to the equitable distribution statute, "Although the provisions made with regard to the marital property under Code § 20-107.3 are factors to consider in making the support award, a decree which singles out this factor to the exclusion of others, and which essentially treats the support-seeking spouse's marital assets as income, cannot withstand scrutiny on appeal." Zipf v. Zipf, 8 Va. App. 387, 399 (1989). The same can be said of assets received as part of an inheritance. Simply put, while the amendment requires the court to consider the assets of the parties, it does not require it to do so to the exclusion of consideration of the other factors listed in Code §§ 20-107.1(E) and 20-109(F). Here, wife's assets in the investment account were part—not all—of the circumstances that the court was required to consider. It considered these assets and listed all the other factors that contributed to its decision not to modify.

The trial court considered the impact that wife's inheritance had on her financial needs, even though it eventually concluded that it could not measure that impact without speculation. It also considered husband's ability to pay, noting that husband was, at the time of the hearing, making more than he made at the time of the initial order. Based on the record, we cannot say that the trial court abused its "broad discretion" in finding that husband had not proven termination of spousal support was warranted and in denying husband's motion to modify. Driscoll, 59 Va. App. at 35.

## III.  CONCLUSION

For the foregoing reasons, the judgment of the trial court in denying husband's motion to terminate spousal support is affirmed.

<u>Affirmed</u>.
